# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BLYTHE C. CAMENSON, et al.,

    Plaintiffs,

v.                                                        CIV 00-1230 WJ/RLP

STATE FARM FIRE &
CASUALTY CO. et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## REMANDING THIS CASE TO STATE COURT
## BASED ON THIS COURT'S LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER comes before the Court pursuant to Plaintiff's Motion to Dismiss [Docket No. 52] and this Court's Order to Show Cause [Docket No. 63]. This Court finds that it lacks subject matter jurisdiction over the claims in this case. Thus, this Court shall remand this case to the state court from which it was removed.

**BACKGROUND**

Plaintiff originally filed her cause of action against State Farm Fire & Casualty Company (State Farm) in the Second Judicial District Court, County of Bernalillo, State of New Mexico. State Farm, the only defendant at the time, removed the case to this Court. The jurisdictional basis for removal was diversity jurisdiction in accordance with 28 U.S.C. § 1332. There is no dispute regarding the propriety of this Court's exercise of jurisdiction at the time of removal.

On December 4, 2000, Plaintiff filed a motion to join as a defendant Websites Online, Inc. (Websites) pursuant to Fed. R. Civ. P. 20. Plaintiff's motion did not allege that the claims against

Websites met the jurisdictional requirements of 28 U.S.C. § 1332 and did not allege any other independent basis for this Court's exercise of subject matter jurisdiction over Plaintiff's claims against Websites. This Court granted Plaintiff's motion to join Websites, and Plaintiff filed an amended complaint joining Websites on December 8, 2000. On May 28, 2002, this Court granted summary judgment in favor of State Farm with regard to Plaintiff's claims against State Farm. This left only Plaintiff's claims against Websites and Websites' counterclaim against Plaintiff before the Court.

Plaintiff now argues that this Court lacks subject matter jurisdiction over its claims against Websites because the amount in controversy between these parties does not meet the jurisdictional minimum. Websites failed to respond to Plaintiff's motion to dismiss [Docket No. 52]. Subsequently, Websites failed to respond to this Court's Order to Show Cause [Docket No. 63]. In accordance with Local Civil Rule 7.1, the Court may consider Websites failure to oppose Plaintiff's motion as consent to grant the motion.

**DISCUSSION**

28 U.S.C. § 1367(b) states that when a court exercises jurisdiction over a case pursuant to diversity under 28 U.S.C. § 1332, a court will not have jurisdiction over claims by plaintiff against someone made a party under Fed. R. Civ. P. 20 when exercising jurisdiction over the claims would be inconsistent with the jurisdictional requirements of Section 1332. Thus, when the court's subject matter jurisdiction over a case is based on diversity, plaintiff's claims against a party joined under Rule 20 must have a independent basis for subject matter jurisdiction.

This Court's subject matter jurisdiction over this case was based on diversity under 28 U.S.C. § 1332. Websites was joined as a party pursuant to Rule 20. Thus, in order for this Court

to exercise jurisdiction over Plaintiff's claims against Websites, the jurisdictional requirements of 28 U.S.C. § 1332 must be met with regard to these claims. While there is no dispute that the parties have diversity of citizenship, Plaintiff now urges that the amount in controversy between Plaintiff and Websites does not exceed the jurisdictional minimum of $75,000. Websites has not seen fit to dispute this contention. Therefore, the Court will assume for purposes of Plaintiff's motion that the amount in controversy between the parties does not meet the jurisdictional requirements for this Court's exercise of subject matter jurisdiction. Thus, this Court lacks subject matter jurisdiction over Plaintiff's claims against Websites and the case must be remanded to state court.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss [Docket No. 52] is hereby DENIED.

IT IS FURTHER ORDERED that this case is hereby REMANDED to the Second Judicial District Court, County of Bernalillo, State of New Mexico, Cause No. CV-2000 06270.

_____
UNITED STATES DISTRICT JUDGE